UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BHUPENDER BHUPENDER,<br><br>　　　　　　Petitioner,<br><br>　v.<br><br>JAIME RIOS, et al.,<br><br>　　　　　　Respondents. | Case No. 5:26-cv-00545-SRM-DSR<br><br>**ORDER DENYING WITHOUT PREJUDICE PETITIONER'S EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER [2]** |

**I.　INTRODUCTION**

Before the Court is Petitioner Bhupender Bhupender's ("Petitioner") Ex Parte Application for Temporary Restraining Order ("*Ex Parte* Application"). Dkt. 2. Respondents Jaime Rios, United States Immigration and Customs Enforcement, United States Department of Homeland Security, D. Heard, Kristi Noem, Pamela Bondi, and Todd Lyons (collectively, "Respondents") did not file an opposition. The Court has reviewed Petitioner's arguments, relevant legal authority, and record in this case. The *Ex Parte* Application is **DENIED WITHOUT PREJUDICE**.

**II.　BACKGROUND**

The following allegations are derived from the unverified allegations in the Petition for Writ of Habeas Corpus ("Petition"). *See* Dkt. 1. Petitioner is a citizen of

India. Dkt. 1 at 2, 6.[1] On November 28, 2023, Petitioner entered the United States and was detained by United States Customs and Border Patrol. *Id.* The following day, Petitioner was released on conditional parole—otherwise referred to as "own recognizance." *Id.* As a condition of his parole, Petitioner was informed that he "[can]not change [his] place of residence without first securing written permission" from the assigned immigration officer. *Id.* at 20. According to Petitioner, he resided in Vallejo, California.[2] *Id.* Petitioner is currently in removal proceedings. *Id.* at 6. Petitioner has applied from asylum before an immigration judge, and a hearing on the application is scheduled for February 2, 2027. *Id.*

      On December 15, 2025, Petitioner appeared for his regular check-in with immigration authorities. *Id.* After the check-in, Petitioner traveled to San Bernardino, CA to search for a job. *Id.* An Immigration and Customs Enforcement ("ICE") officer found Petitioner in San Bernardino and detained him for living at a different address without updating ICE. *Id.* Petitioner claims he did not change his address because he had not permanently moved to San Bernardino. *Id.* He remains in immigration custody to this day. *Id.* at 3. From this Court's best reading of the Petition, it appears Petitioner has not moved for or requested a bond hearing, claiming it "would have been futile" because the "[immigration judge] and the Board have both claimed that aliens who entered the US without admission are not eligible for bond." *Id.* at 7; *see also id.* at 8 ("[R]equesting parole when it is no longer an option would also be futile.").

      On February 6, 2026, Petitioner filed this Petition. *See* Dkt. 1. He names as Respondents Jaime Rios, United States Immigration and Customs Enforcement, United States Department of Homeland Security, D. Heard, Kristi Noem, Pamela Bondi, and Todd Lyons. *Id.* at 4–5. Petitioner asserts four claims that fall into two categories. The

---

[1] Page citations refer to CM/ECF pagination.
[2] According to the Notice to Appear dated November 28, 2023, Petitioner's residence was listed at an address in Fresno, CA. *See* Dkt. 1 at 16. The record is unclear when Petitioner changed his address to reflect that he resided in Vallejo.

first category asserts that Respondents are violating 8 U.S.C. § 1226(a), which authorizes release on bond for individuals in pending removal proceedings. *See id.* at 9. The second category of claims assert that Respondents are violating the Immigration and Nationality Act, its implementing regulations, and the Fifth Amendment's Due Process Clause because they violated the procedures for revoking his parole. *See id.* at 9–13.

On the same day the Petition was filed, Petitioner filed this *Ex Parte* Application. *See* Dkt. 2. He asks the Court to grant temporary injunctive relief and (1) "[o]rder that Petitioner be immediately released from custody or, alternatively, that he be provided a bond hearing within seven days before an immigration judge"; (2) "[o]rder that Petitioner may not be re-detained absent proper notice of the reasons that form the basis for revocation of parole"; and (3) "[o]rder that Petitioner is entitled to a bond hearing before [an] immigration judge if DHS revokes parole with proper notice." *Id.* at 14. Respondents did not file an opposition, and this matter was deemed submitted on February 8, 2026. *See* Dkt. 4.

### III.  DISCUSSION

Federal Rule of Civil Procedure 65(b) governs temporary restraining orders. A temporary restraining order ("TRO") is an extraordinary remedy meant to preserve the *status quo* and to prevent irreparable harm "just so long as is necessary to hold a hearing and no longer." *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Loc. No. 70 of Alameda Cnty.*, 415 U.S. 423, 439 (1974). To obtain a TRO, the movant must establish "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). In cases where there may be a strong showing on the balance of hardships but a weaker showing on the likelihood of success, a movant may still obtain a TRO under the Ninth Circuit's sliding-scale approach. *Where Do We Go Berkeley v. Cal. Dep't of Transp.*, 32 F.4th 852, 859 (9th Cir. 2022). Under this sliding-scale approach, a movant may obtain a TRO if he can show (1) there are serious

questions going to the merits, (2) there is a likelihood of irreparable injury, (3) the balance of hardships tips sharply towards the movant, (4) and the injunction is in the public's interest. *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011). The final two factors merge when a TRO is sought against the government, as is true here. *Nken v. Holder*, 556 U.S. 418, 435 (2009).

The movant carries the burden of persuasion and must make a clear showing of entitlement to the requested relief. *Lopez v. Brewer*, 680 F.3d 1068, 1072 (9th Cir. 2012). Given the exigent nature of a TRO, a movant can rely on allegations in a *verified* complaint, exhibits, declarations, or affidavits, even if inadmissible under the Federal Rules of Evidence. *See Thalheimer v. City of San Diego*, 645 F.3d 1109, 1116 (9th Cir. 2011) ("A verified complaint may be treated as an affidavit, and, as such, it is evidence that may support injunctive relief."), *overruled on other grounds by Board of Trs. of Glazing Health & Welfare Tr. v. Chambers*, 941 F.3d 1195, 1199 (9th Cir. 2019) (en banc); *Flynt Distrib. Co., Inc. v. Harvey*, 734 F.2d 1389, 1394 ("The trial court may give even inadmissible evidence some weight, when to do so serves the purpose of preventing irreparable harm before trial."); *K-2 Ski Co. v. Head Ski Co.*, 467 F.2d 1087, 1088 (9th Cir. 1972) ("A verified complaint or supporting affidavits may afford the basis for a preliminary injunction."). Unverified allegations in the pleadings and unsupported and conclusory statements are not enough to prevail on an *ex parte* application for a TRO. *See Herb Reed Enters., LLC v. Fla. Ent. Mgmt., Inc.*, 736 F.3d 1239, 1250 (9th Cir. 2013) (reversing district court's order granting preliminary injunction where it relied on unsupported and conclusory statements); *Greenberg v. Guzman*, No. CV 14-00866, 2014 WL 12569551, at *2 (C.D. Cal. July 28, 2014) ("A motion for preliminary injunction must be supported by '[e]vidence that goes beyond the unverified allegations of the pleadings.'") (quoting 9 Charles Alan Wright & Arthur R. Miller, *Fed. Prac. & Proc.* § 2949 (2011)).

Petitioner has not shown he is entitled to temporary injunctive relief. In deciding whether to grant a TRO, the court may rely upon the "complaint, exhibits, declarations,

or affidavits" in a *verified* petition, but cannot consider the Petition's allegations in an *unverified* petition. *See* discussion *supra,* Section III. Moreover, Petitioner did not submit any declarations or affidavits that contain information that would show he is entitled to temporary injunctive relief. Without more, there is insufficient information from which the court can reasonably rely in considering the *Ex Parte* Application. Accordingly, Petitioner has not met his burden of showing he is entitled to temporary injunctive relief. *See Chavez v. Becerra*, No. 1:25-cv-02058, 2026 WL 91757, at *2 (E.D. Cal. Jan. 13, 2026) (denying *ex parte* application for a temporary restraining order where the petition's allegations were unverified).

## IV. CONCLUSION

For the above reasons, the *Ex Parte* Application is **DENIED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

Dated: February 10, 2026

HON. SERENA R. MURILLO
UNITED STATES DISTRICT JUDGE